IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | | |
|---|---|---|
| RAFON CARITHERS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | **Criminal Case No.** |
| | : | 7 : 21-CR-48-003 (WLS) |
| UNITED STATES OF AMERICA, | : | |
| | : | **28 U.S.C. § 2255 Case No.** |
| Respondent. | : | 7 : 23-CV-108 (WLS) |

# ORDER

Petitioner filed a Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 on September 28, 2023, and the Court issued a Recommendation on the Motion on September 11, 2024 (Docs. 654, 722). Petitioner filed a Motion to Amend his Motion to Vacate on November 1, 2024 (Doc. 728). In his Motion to Amend, Petitioner points to a lack of law library materials, upcoming U.S. Supreme Court cases that he asserts may impact his Motion to Vacate, and potential changes to the U.S. Sentencing Guidelines. *Id.*

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure,

> 1. ***Amending as a Matter of Course.*** A party may amend its pleading once as a matter of course within:
> **(A)** 21 days after serving it, or
> **(B)** If the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under rule 12(b), (e), or (f), whichever is earlier.
>
> 2. ***Other Amendments***. In all other cases, a party may amend its pleading only with the opposing party's written consent or

> the court's leave. The court should freely give leave when justice so requires.

Petitioner filed his Motion to Amend more than one (1) year after filing his original Motion to Vacate, and he therefore must have leave of Court to amend. Although the decision to grant or deny a motion to amend a complaint is within the discretion of the court, "a justifying reason must be apparent for denial of a motion to amend." *Moore v. Baker*, 989 F.2d 1129, 1131 (11th Cir. 1993). The Court may consider "such factors as 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

The Court finds that Petitioner proceeded with undue delay in attempting to amend his Motion to Vacate, as he waited more than one (1) year to file the Motion to Amend. Petitioner has not provided a reason for his more than one (1) year delay in filing the Motion to Amend. Moreover, Petitioner has not explained what grounds he would add to his original Motion to Vacate, and seems to rely only on the possibility of changes in the law to support the amending of his Motion to Vacate. Petitioner's Motion to Amend is accordingly **DENIED** (Doc. 728).

**SO ORDERED**, this 4th day of November, 2024.

                                                  s/ *Thomas Q. Langstaff*
                                                UNITED STATES MAGISTRATE JUDGE